GREEN, J.
delivered the opinion of the court.
This is an action of covenant. The defendant craved *73 oyer of the covenant sued on and demurred to the declaration. The court sustained the demurrer and the plaintiff appealed to this court. The writing sued on is a bond for >$250 dollars with the following condition under written: “Condition of the above obligation is such that whereas George W. Mitchell, administrator of George Catire! 1* deceased, has a judgment against the said Riggs for ninety-two dollars and fifteen cents, before T. M. Spicer, Esquire, and the said Riggs has taken it to court by certiorari, now,if the said Shirley do stand the said suit and in case judgment shall be taken against the said Riggs, then said Shirley is to pay all costs and damages and keep the said Riggs harmless — then and in that case, the above obligation to be void, otherwise to remain in full force and virtue, the day and date above written.”
Thomas Shirley.” [seat,.]
It is insisted for the defendant that this contract is illegal on its face, being an unlawful undertaking to maintain a suit in which the party had no interest. ‘We do not think that this contract is necessarily an unlawful one. It may possibly have been the interest and duty of Shirley to save Riggs harmless in the suit then pending and to pay the costs and damages that might be recovered against him. We cannot know but that Riggs’s liability in the case may have arisen in consequence of a suretyship for Shirley, in which case he would have been bound in duty to stand the suit and discharge the judgment. We cannot know but that Riggs may have stood in such relation to Shirley as by law Shirley might assist him in his defence of the suit. Without stating other facts in illustration that may possibly have existed and which would have rendered the contract lawful, these are sufficient to show that the demurrer was *74 not well taken- If the defence relied on exists in fact U must be made by plea. The judgment must be reversed and the cause remanded.